## UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF OKLAHOMA

TODD MARTIN,                              )
                                         )
               Plaintiff,                )
                                         )
v.                                       )          Case No. 13-CV-0143-CVE-FHM
                                         )
THE QUAPAW TRIBE OF OKLAHOMA,             )
                                         )
               Defendant.                )

### CORRECTED OPINION AND ORDER[1]

Now before the Court are the Motion of the Defendant to Dismiss for Lack of Subject Matter Jurisdiction (Dkt. # 8) and plaintiff's Motion for Leave to Amend Petition (Dkt. # 15). Defendant, the Quapaw Tribe of Oklahoma (the Tribe), argues that it has not waived its sovereign immunity from suit for tort claims arising at its gaming facilities and that plaintiff must pursue his claim against the Tribe's subdivisions in tribal court. Plaintiff responds that sovereign immunity has been waived or should be treated as though it had been waived. Plaintiff also alleges he is entitled to relief in federal court for violations of due process.

### I.

On October 9, 2012, Todd Martin filed this case in the District Court of Ottawa County, Oklahoma, alleging that the Tribe operates the Downstream Casino and Resort (the Casino) in Ottawa County, Oklahoma, and that he was harmed on January 19, 2011, by a dangerous condition on the property when he was a Casino patron. Dkt. # 2-2, at 2-3. Plaintiff alleges that he sustained

---

[1]     This Corrected Opinion and Order corrects only the last paragraph of the Opinion and Order (Dkt. # 19).

his injury on trust or restricted Indian lands of the Tribe, Dkt. # 14, at 5, and seeks damages in excess of $75,000. Dkt. # 2-2, at 2. On October 9, 2012, plaintiff also sued the Tribe in Quapaw Tribal Court. Dkt. # 14, at 6. Prior to filing either suit, plaintiff initiated an administrative claim with the Tribe on January 6, 2012.[2] Dkt. # 14, at 7. This administrative claim was denied on either April 11 or 16, 2012, the exact date being in dispute.

The Tribe removed this case to federal court on March 11, 2013, Dkt. # 2, on the basis of federal question jurisdiction. Id. at 3. Defendant alleges that a number of federal questions exist, including the interpretation of a compact between the Tribe and the State of Oklahoma, and the allocation of state and tribal jurisdiction. Id. at 5.

A compact was entered into between the Tribe and the State of Oklahoma regulating gaming on tribal land, entitled "Tribal-State Gaming Compact Between the Quapaw Tribe of Oklahoma and the State of Oklahoma" (the Compact). Dkt. # 14-3. Within the Compact, "enterprise" is defined as "the Tribe or tribal agency or section of tribal management with direct responsibility for the conduct of covered games, [or] the tribal business enterprise that conducts covered games . . . ." Id. at 3. The Compact provides that the enterprise must carry public liability insurance to cover tort claims. Id. at 10. The Compact further provides that the Tribe consents to suits on a limited basis. Id. The suit must be "against the enterprise in a court of competent jurisdiction with respect to a tort or prize claim . . . ." Id. at 14. Additionally, any judgment arising from a suit in tort may not exceed the liability limit of the enterprise's insurance. The Compact also provides that it "shall not alter tribal, federal or State civil adjudicatory or criminal jurisdiction." Id. at 17.

---

[2]        A tort claim must be denied before judicial relief may be sought. Dkt. #14-3, at 11.

The Casino is operated and managed by the Downstream Development Authority of the Quapaw Tribe of Oklahoma (Development Authority). Dkt. # 9-1, at 2. Because the Development Authority manages the Casino (and the games played within), it is the relevant "enterprise" under the Compact. The Development Authority carries the insurance required by the Compact. Id. at 3.

## II.

Federal courts are courts of limited jurisdiction and the party seeking to invoke federal jurisdiction bears the burden of proving that jurisdiction is proper. Basso v. Utah Power & Light Co., 495 F.2d 906, 909 (10th Cir. 1974). A court lacking jurisdiction "cannot render judgment but must dismiss the cause at any stage of the proceedings in which it becomes apparent that jurisdiction is lacking." Id. Motions to dismiss under Rule 12(b)(1) generally take one of two forms. Stuart v. Colo. Interstate Gas Co., 271 F.3d 1221, 1225 (10th Cir. 2001). The moving party may either "(1) facially attack the complaint's allegations as to the existence of subject matter jurisdiction, or (2) go beyond allegations contained in the complaint by presenting evidence to challenge the factual basis upon which subject matter jurisdiction rests." Maestras v. Lujan, 351 F.3d 1001, 1013 (10th Cir. 2003). Here, defendant has challenged the factual basis upon which subject matter jurisdiction rests. Dkt. # 14, at 15. In this case, a court must look beyond the petition and may allow documentary or testimonial evidence; it need not accept the allegations in the compliant as true. Paper, Allied-Indus., Chem. and Energy Workers Int'l Union v. Cont'l Carbon Co., 428 F.3d 1285, 1292-93 (10th Cir. 2005). However, if "resolution of the jurisdictional question requires resolution of an aspect of the substantive claim," then the Rule 12(b)(1) motion must be converted into a Rule 12(b)(6) motion or a motion for summary judgment. Pringle v. United States, 208 F.3d 1220, 1222-23 (10th Cir.

2000) (per curiam). Here, the jurisdictional facts have no relation to any aspect of plaintiff's substantive claim, so no conversion is necessary.

## III.

### A. Motion to Dismiss

Defendant argues that plaintiff's petition should be dismissed for lack of subject matter jurisdiction based on the Tribe's sovereign immunity. Tribal sovereign immunity implicates a lack of subject matter jurisdiction, which may be challenged by a Rule 12(b)(1) motion. E.F.W. v. St. Stephen's Indian High School, 264 F.3d 1297, 1302-03 (10th Cir. 2001). Indian tribes possess sovereign immunity and cannot be sued absent congressional authorization or an unequivocally expressed waiver. Santa Clara Pueblo v. Martinez, 436 U.S. 49, 58 (1978).

The Compact does not unequivocally waive the Tribe's sovereign immunity. It waives only the enterprise's sovereign immunity, and only in limited cases.[3] However, Plaintiff argues that, as an alleged third-party beneficiary under the Compact, he may sue the Tribe to enforce the Compact's due process provisions. Plaintiff's argument is based on the portion of the Compact that reads: "The enterprise shall ensure that patrons of a facility are afforded due process . . . ." Dkt. # 14-3, at 10. Plaintiff believes this clause makes him, a patron of the Casino, an intended beneficiary of the Compact and allows him to enforce the Compact.

---

[3]    Plaintiff argues that the ability to sue the Development Authority should be extended to the Tribe itself. However, this would waive the Tribe's sovereign immunity beyond the express language of the Compact. Plaintiff offers no authority for this departure from the language of the Compact beyond two inapposite cases dealing with the piercing of the corporate veil (Tulsa Tribune Co. v. State ex rel. Okla. Tax Comm., 768 P.2d 891 (Okla. 1989), and Gulf Oil Corp. v. State, 360 P.2d 933 (Okla. 1961)).

A duty owed by a promisor[4] to an intended beneficiary may generally be enforced by the intended beneficiary. Restatement (Second) of Contracts § 304 (1981). However, a beneficiary of a promise is only an intended beneficiary if it is appropriate given the intentions of the parties. Id. § 302. To determine if plaintiff is an intended beneficiary who may enforce the Compact, the intentions of the parties to the Compact must be determined.

"Interstate compacts are construed as contracts under the principles of contract law." Tarrant Reg'l Water Dist. v. Herrmann, 133 S.Ct. 2120, 2130 (2013). Any analysis must begin by examining the express terms of the Compact, as those give the best indication of the intent of the parties. Id. Here, the parties are the Tribe and the State of Oklahoma, and the Compact's terms provide only one way to enforce the provisions of the Compact: dispute resolution through arbitration.[5] Dkt. # 14-3, at 23-24. This waiver of immunity is intended to be limited: "The parties consent to the jurisdiction of such arbitration forum and court for such limited purposes and no other . . . ." Id. at 24. It is evident that the "parties" referred to are only the State of Oklahoma and the Tribe, as the Compact refers to "either party" being able to invoke the arbitration procedure; "either party" necessarily implies only two entities. Id. at 23. All other waivers of immunity within the Compact are equally circumscribed, containing language such as "consents to suit on a limited basis . . . only on as set forth in subsection C . . . ." Id. at 12. The parties' consistent use of limited waivers makes clear the

---

[4]     Although the enterprise is technically the entity tasked with ensuring that patrons are afforded due process, plaintiff observes that the Compact provides that "the Tribe shall the ultimate responsibility for ensuring that the . . . enterprise fulfills the responsibilities under this Compact." Dkt. # 14-3, at 3. Plaintiff asserts that this effectively makes the Tribe a promisor (or perhaps guarantor) as well.

[5]     The Compact also provides that any arbitration award may be reviewed by a federal district court. Dkt. # 14-3, at 24. This review is also predicated on a limited waiver of immunity.

parties' intent to avoid creating additional causes of action; it would be contrary to that intent to declare all patrons of the Casino intended beneficiaries, able to enforce the terms of the Compact. The Court finds that plaintiff is not an intended beneficiary and cannot enforce the terms of the Compact.[6]

Plaintiff also argues that the Tribe may be sued for allegedly failing to provide sufficient due process as required by the Compact and federal law. However, plaintiff fails to provide any authority for the proposition that federal law vitiates tribal sovereign immunity any time a lack of due process in a civil case has been alleged.[7] Plaintiff mentions the Indian Gaming Regulatory Act (IGRA), 25 U.S.C. §§ 2701-2721 (2011), as a source of waiver, but the IGRA does not provide a private right of action. Hartman v. Kickapoo Tribe Gaming Comm'n, 319 F.3d 1230, 1232-33 (10th Cir. 2003).

Because the Tribe has not consented to suit and there is no congressional authorization for suit, the Tribe is entitled to sovereign immunity. Even if the enterprise can be sued, any such waiver of sovereign immunity is not imputed to the Tribe. The petition must be dismissed for lack of subject matter jurisdiction. However, plaintiff has moved to amend his petition.

---

[6]     Plaintiff has also attempted to invoke the dispute resolution procedures of the Compact by requesting a meeting and/or arbitration with the defendant, and has requested that the Court abstain from addressing this motion pending the outcome of those procedures. Dkt. # 14, at 22. As plaintiff is not a party to the Compact or otherwise able to invoke the dispute resolution procedures, the Court declines to stay this action.

[7]     The Indian Civil Rights Act (ICRA), 25 U.S.C. §§ 1301-1303 (2011), does contain a guarantee of due process. However, the ICRA does not provide a cause of action beyond federal habeas corpus relief. Santa Clara Pueblo, 436 U.S. at 66-67, 72.

**B. Motion to Amend**

Plaintiff seeks to amend to add the Development Authority and certain tribal officers as defendants (Dkt. #15), and to seek declaratory relief regarding the alleged breach of the Compact. Dkt. # 18, at 3. If it is at all possible that a plaintiff can correct the defects in his or her complaint, then leave to amend should be freely given. Triplett v. Leflore Cnty., Oklahoma, 712 F.2d 444, 446 (10th Cir. 1983). However, if amendment would be futile, the district court may deny leave to amend. Jefferson Cnty. Sch. Dist. No. R-1 v. Moody's Investor's Servs. Inc., 175 F.3d 848, 859 (10th Cir. 1999). "A proposed amendment is futile if the complaint, as amended, would be subject to dismissal." Id.

Tribal sovereign immunity extends to suits for declaratory relief. Ordinance 59 Ass'n v. U.S. Dep't of the Interior Sec'y, 163 F.3d 1150, 1154 (10th Cir. 1998); see also Santa Clara Pueblo, 436 U.S. at 59 (barring suits against tribes for declaratory relief under the ICRA because of sovereign immunity); Wyoming v. United States, 279 F.3d 1214, 1225 (10th Cir. 2002) ("Nor does the declaratory judgment statute, 28 U.S.C. § 2201, itself confer jurisdiction on a federal court where none otherwise exists."). Because the Tribe's sovereign immunity extends to suits for declaratory relief, any claim for declaratory relief against the Tribe would be subject to dismissal. Therefore, amending the petition to request declaratory relief against the Tribe would be futile. Plaintiff's motion and reply are both insufficiently clear for the Court to determine if plaintiff's other proposed amendments would be futile.[8] Plaintiff may file an amended complaint to join new parties and seek

---

[8]     If defendant is not a third-party beneficiary of the Compact, it is unclear how he can allege breach of the Compact. However, without having seen the proposed claim, it would be premature to rule that he cannot state a claim for declaratory relief.

additional relief, if he can state a claim. However, plaintiff's amended complaint may not seek relief against the Tribe.[9]

**IT IS THEREFORE ORDERED** that the Motion of the Defendant to Dismiss for Lack of Subject Matter Jurisdiction (Dkt. # 8) is **granted**, and The Quapaw Tribe of Oklahoma is hereby dismissed as a party. It is further ordered that plaintiff's Motion for Leave to Amend Petition (Dkt. # 15) is **granted in part and denied in part**. Plaintiff may file an amended complaint in compliance with the limitations stated herein no later than **September 27, 2013**, and shall serve the amended complaint and summons on new defendant(s) forthwith.

**DATED** this 17th day of September, 2013.

CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE

---

[9]     Plaintiff has asked the Court to rule that all changes to his amended complaint relate back to the filing of his original petition. The Court declines to consider this argument until it has had an opportunity to review the amended complaint.

8